AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

FILED
FEB 27 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Dagoberto Franco Penaloza | ) | 1: 20 MJ 0 0 0 3 8  EPG |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **March 15, 2019** in the county of **Merced** in the **Eastern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1073 | Unlawful Flight to Avoid Prosecution |

This criminal complaint is based on these facts:
See Affidavit of Special Agent Leslie Rosa, attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

*Complainant's signature*

Leslie Rosa, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/27/20

*Judge's signature*

City and state: Fresno, California      Erica P. Grosjean, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ISSUANCE OF ARREST WARRANT

I, Leslie Rosa, being duly sworn, do hereby depose and state as follows:

## Agent's Expertise

1. I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI"), and have been so employed since September 16, 2018. My current assignment is in the Sacramento Division, Fresno Resident Agency, where my investigative focus is violent crime. I have received training in criminal and national security investigations, interviews and interrogations, and the practical applications of conducting arrest and search warrants. In addition, I have received training in legal matters, including topics related to the Fourth, Fifth, and Sixth Amendments to the United States Constitution.

## Nature of Affidavit

2. This affidavit is being submitted in support of a criminal complaint and the issuance of an arrest warrant charging Dagoberto Franco PENALOZA ("PENALOZA") with unlawful flight to avoid prosecution, in violation of Title 18, United States Code, Section 1073.[1] This affidavit does not purport to set forth all my knowledge or all investigation information in this matter, but instead presents the information necessary to support of a criminal complaint and issuance of an arrest warrant.

3. The facts set forth in this affidavit are based on the following: my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; interviews of witnesses; my review of

---

[1] 18 U.S.C. § 1073 provides, *inter alia*:

> Whoever moves or travels in interstate of foreign commerce with intent . . . (1) to avoid prosecution . . . under the laws of the place from which he flees, for a crime, or an attempt to commit a crime, punishable by death or which is a felony under the laws of the place from which the fugitive flees . . . shall be [guilty of a felony].

1

records related to this investigation; communications with others who have knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the issuance of a complaint and an arrest warrant, it does not set forth each and every fact that others or I have learned during the course of this investigation.

## Facts in Support of Probable Cause Determination

4. On March 15, 2019,[2] Atwater Police Department ("APD") officers were dispatched to the area of Fir Avenue and Winton Way in Atwater to respond to reports of shots fired. Upon arrival, APD officers discovered a male subject identified as E.M.. APD officers found E.M. in the front seat of a black Nissan near the intersection, struck by multiple gunshots. Officers observed E.M. in possession of a firearm that was in a holster. An APD officer secured the firearm in his patrol vehicle without manipulating the firearm. The firearm appeared not to have been fired. E.M. was transported to a nearby hospital where E.M. was pronounced deceased.

5. During the investigation, APD detectives and agents of the California Department of Justice ("CAL DOJ") identified two witnesses who observed the conflict prior to the shooting. The witnesses described a Hispanic adult male, later identified as Dagoberto Franco PENALOZA ("PENALOZA"), fleeing the area of the shooting eastbound on Fir Avenue.

6. At the scene, APD Detective Matt Vierra spoke with an eyewitness (hereinafter referred as "Witness-1"). Witness-1 stated that Witness-1 was driving southbound on Winton Way when Witness-1 heard a gunshot. As Witness-1 looked toward the left (eastbound), Witness-1 noticed E.M.'s vehicle pulled over on the side of the road with PENALOZA[3] standing within arm's reach of the passenger window. Witness-1 described PENALOZA standing outside

---

[2] Any and all references herein to dates and times are to approximate dates and times.
[3] The witness did not know PENALOZA's name but provided a description consistent with PENALOZA's appearance.

2

of E.M.'s vehicle as Hispanic or Asian male adult and approximately 18 to 20 years old. Witness-1 described the contact between E.M. and PENALOZA as a "drug deal."[4] Witness-1 did not see a firearm; however, Witness-1 saw PENALOZA aiming into the passenger door of the black Nissan. Witness-1 heard approximately three or four shots fired. Following the shooting, Witness-1 saw PENALOZA walk around the black Nissan, and stop at the driver's side door, before walking eastbound on Fir Avenue. Video surveillance later confirmed that the suspect described by Witness-1 was PENALOZA.

7. During the investigation, APD detectives and CAL DOJ agents obtained video footage of E.M.'s activities prior to the shooting. Additionally, agents obtained video footage of PENALOZA near the location of the shooting. Based on video surveillance, the agents discovered that PENALOZA arrived at the Applegate Inn, located at 1501 Sycamore Avenue, Atwater, California, on March 14, 2019.

8. On March 20, 2019, agents confirmed PENALOZA had checked into the Applegate Inn on March 14, 2019, at 8:30 p.m. PENALOZA paid for a three-night stay in cash and provided a foreign identification card with the name Jose Esteban SANCHEZ Medina. After reviewing the Applegate Inn's video surveillance from March 14, 2019, the agents discovered PENALOZA was a passenger in a tan Chevrolet Trailblazer bearing California license plate number 8HEG044.[5] An unidentified person drove the SUSPECT in the Trailblazer from the lobby area of the hotel to the area of room 135. A short time later, the Trailblazer drove away from the area.

9. That same day, APD Detective Matt Vierro interviewed the Applegate Inn clerk who checked in PENALOZA. The clerk recalled that PENALOZA had a bundle of cash and disclosed to the clerk that he was on his way to Mexico.

---

[4] I believe the term "drug deal" is vernacular for a drug exchange.
[5] The registered owner of the Chevrolet Trailblazer was another individual, with an address in northern California.

10. On March 20, 2019, agents reviewed video surveillance from surrounding businesses. Video surveillance prior to the shooting on March 15, 2019 showed PENALOZA walk to the 76 gas station located at 1619 Sycamore Avenue in Atwater, California. A short time later, PENALOZA walked past the Applegate Inn, toward Applegate Road in Atwater. Video surveillance also showed PENALOZA walk to the area of Winton Way and Fir Avenue.

11. After the shooting, PENALOZA did not return to Applegate Inn. Based on their review of video surveillance of the events directly after the shooting, detectives believed that PENLOZA had fled to a home near an address on Redwood Avenue in Atwater.

12. During the investigation, detectives visited the nearby home, and discovered that the driver of the Trailblazer lived at this address. The driver of the Chevrolet Trailblazer was interviewed and is referenced herein as Witness-2. During Witness-2's interview, Witness-2 admitted to dropping off PENALOZA at the Applegate Inn at approximately 8 pm, on March 14, 2019. Witness-2 identified PENALOZA as "Dago."

13. Further contact with Witness-2 resulted in the discovery that "Dago" went to school with Witness-2's son. Detectives interviewed Witness-2's son, who confirmed that Witness-2 dropped off PENALOZA at the hotel. Witness-2's son identified PENALOZA as Dagoberto Franco. Witness-2 stated that in the past Witness-2 worked with PENALOZA in a marijuana enterprise.

14. Witness-2 and Witness-2's son positively identified PENALOZA from his California driver's license photo. Witness-2 identified PENALOZA as the male who Witness-2 dropped off at Applegate Inn on the evening of March 14, 2019, and the same male who arrived at his residence, following the shooting on March 15, 2019.

15. While retrieving surveillance video from Applegate Inn, agents discovered that PENALOZA had left items in room 135. The items were later stored in a secured storage room by the Applegate Inn staff. On March 20, 2019, SA Mark Rodriques seized the items.

4

16. On March 22, 2019, CAL DOJ SA Cesar Sanchez assisted in processing PENALOZA's items from Applegate Inn room 135, which included two Taurus .45 caliber magazines. Both magazines contained a round of ammunition. A .45 caliber gun was not found in PENALOZA's property. The .45 caliber rounds were similar to the .45 caliber casings located at the crime scene and in the Nissan.

17. On March 29, 2019, a Senior Criminalist with the California Department of Justice Bureau of Forensic Services Central Valley Crime Laboratory provided a physical evidence examination report comparing the expended cartridges found in the Nissan and the one found at Applegate Inn room 135 believed to belong to PENALOZA. Based on his examination, the Senior Criminalist determined that the seven expended cartridge cases found in the Nissan with E.M. and the one expended cartridge case from room 135 were fired from the same firearm.

18. PENALOZA was charged by means of a complaint in Merced County on May 4, 2019, for Murder, in violation of California Penal Code Section 187.

19. To date, state and local law enforcement, despite a thorough and aggressive search, have been unsuccessful in apprehending PENALOZA. Based on a tip from a confidential source who is familiar with PENALOZA, PENALOZA fled to Jalisco, Mexico. Law enforcement authorities have advised the FBI that witnesses and investigative leads in the immediate area have yielded negative results in locating PENALOZA in the United States.

## Conclusion

20.  Based on the foregoing, I submit there is probable cause to find that PENALOZA fled the United States to avoid prosecution for the state charges, as described above, all in violation of Title 18, United States Code, Section 1073.

LESLIE ROSA
Special Agent
Federal Bureau of Investigation


SUBSCRIBED AND SWORN TO BEFORE ME THIS __27__ DAY OF FEBRUARY 2020.

ERICA P. GROSJEAN
United States Magistrate Judge

Reviewed and approved as to form
this __25th__ day of February 2020.

/s/ Karen A. Escobar
KAREN A. ESCOBAR

Assistant United States Attorney

6